In the Matter of TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Petitioners, against PAUL M. HERZOG et al., Constituting the New York State Labor Relations Board, Respondents.

In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, December 24, 1943.

*Daniel Kornblum, Jay Kramer* and *Norbett M. Phillip* for New York State Labor Relations Board.

*Saxe, Bacon & O'Shea (Spence, Windels, Walser, Hotchkiss & Angell* of counsel for Columbia University; *Paul Windels, John Godfrey Saxe* and *Henry J. Kennedy* of counsel) for Trustees of Columbia University in the City of New York and Bethlehem Engineering Corporation.

BENVENGA, J. This is a special proceeding pursuant to the provisions of the State Labor Relations Act (Labor Law, art. 20; L. 1937, ch. 443). The State Labor Relations Board moves for the enforcement of an order directed against the Trustees of Columbia University and Bethlehem Engineering Corporation. The Trustees of Columbia University and Bethlehem Engineering Corporation cross-move to set aside the determination of the Board for alleged lack of jurisdiction.

The order of the Board, issued under section 706 of the Labor Law, directs Columbia and Bethlehem to bargain collectively with a union which was duly chosen in an election by secret ballot of the elevator operators and other employees engaged in servicing and maintaining the building 1680 Broadway, New York City. The building is a commercial loft building, situated about three miles from the main Columbia campus, no part of which is used by Columbia for educational purposes. It was erected and maintained for profit by Bethlehem under a lease for a term of years upon land owned by Columbia, which land was acquired by Columbia in 1916 as part of a testatmentary devise. Thereafter, in 1935, Bethlehem sur-

rendered to Columbia its lease of the land and building and Columbia retained Bethlehem as its managing and operating agent.

The issue presented is whether the employees in question are employees of an educational corporation within the meaning of the State Labor Relations Act.

The Act, among other things, gives employees the right " to bargain collectively through representatives of their own choosing " (Labor Law, § 703); but declares that its provisions, including the right of collective bargaining, shall not apply " to employees of charitable, educational or religious associations or corporations " (Labor Law, § 715).

That Columbia comes within the exemption is not questioned. However, Columbia contends that section 715 applies, without limitation or qualification, to all its employees, including those employed in the building in question; whereas the Board insists that the Legislature, in enacting section 715, intended to limit the exemption to those employees of charitable, educational or religious associations or corporations who are directly engaged in furthering their charitable, educational or religious functions and purposes.

At the outset, the question of the constitutionality of section 715 suggests itself.

The New York State Constitution (art. I, § 17) provides that " Employees shall have the right   *   *   *   to bargain collectively through representatives of their own choosing." This provision was adopted in 1938. It is in language identical with the provisions of the National Labor Relations Act of 1935 (U. S. Code, tit. 29, § 157) and the State Labor Relations Act of 1937 (Labor Law, § 703; see Revised Record of Constitutional Convention of 1938, Vol. 3, pp. 2245–46). It recognizes and adopts in principle the general right of collective bargaining, as then understood and embodied in statutory form, together with existing exemptions or exceptions. As has been pointed out, the Constitutional provision is " a guarantee, in the form of fundamental right, of something that both legislative policy and prevailing court decisions had previously recognized " (*Domanick* v. *Triboro Coach Corp.*, 18 N. Y. S. 2d 650, 653; see *Triboro Coach Corp.* v. *Labor Relations Board*, 22 N. Y. S. 2d 1013, 1017–1018, affd. 261 App. Div. 636, affd. 286 N. Y. 314).

It will be assumed, therefore, as counsel have assumed, that section 715 is a valid constitutional enactment. This conclusion is strengthened by the circumstance, already pointed out, that

section 715 was in existence before the adoption of the Constitutional provision and by the presumption in favor of its constitutionality (Black on Constitutional Law [4th ed.], p. 70). " A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score " (*Inter. Fuel & Iron Corp.* v. *Donner Steel Co.*, 242 N. Y. 224, 231).

It goes without saying that the provisions of the Labor Law, including the exemptions contained in section 715, should be read in the light of the unqualified constitutional right of collective bargaining. It is to be noted that it applies to all employees without qualification and that employees of " charitable, educational or religious associations or corporations " are not exempted from its provisions. For that reason, exemptions, if any, " should be narrowed and limited to effect the remedy intended " (*Piedmont & Northern Ry.* v. *Comm'n.*, 286 U. S. 299, 311–312). Moreover, they should be interpreted in accordance with the declared public policy of the State " to encourage the practice and procedure of collective bargaining," and should be liberally construed so as to protect employees in the exercise of full freedom of association, self-organization and designation of representatives of their own choosing for the purposes of collective bargaining (Labor Law, § 700; cf. U. S. Code, tit. 29, § 151).

Therefore, construing section 715 in accordance with the presumption of constitutionality and reading it in the light of the declared public policy of the State, and with the purpose of effectuating that policy, the conclusion would seem inescapable that the exemptions contained in section 715 do not apply to employees of charitable, educational or religious associations or corporations engaged in connection with some commercial or business enterprise or venture, but only to such employees as are engaged in furthering their charitable, educational or religious purposes or objects. (See *White* v. *Boland*, 254 App. Div. 356.)

Motion to enforce determination of State Labor Relations Board is granted; motion to set aside its determination denied.